IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GARY BEMIS                                                                              PLAINTIFF

v.                          Civil No. 2:14-cv-2131

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                          DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Gary Bemis, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act ("Act"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P.K. Holmes referred this case to the undersigned for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**I.       Background:**

Plaintiff protectively filed his applications for DIB and SSI on November 19, 2009, alleging an onset date of November 30, 2008, due to pinched nerve, arthritis, high blood pressure, knee problems, arm pain, and back pain. (Tr. 175-176). Plaintiff's application was denied initially and on reconsideration. An administrative hearing was held on March 22, 2011. (Tr. 35-65). On April 18, 2011, the administrative law judge ("ALJ") entered an unfavorable decision on Plaintiff's applications. (Tr. 19-29). Plaintiff appealed the unfavorable decision in federal district court, and the Court remanded the case on May 13, 2013. (Tr. 641). Based on the district court's order, the

Appeals Council remanded the case back to the ALJ for reconsideration of the evidence. (Tr. 651-652).

On remand, a second administrative hearing was held on December 20, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 539-577). A vocational expert ("VE") was also present and testified. (Tr. 564-573). On the date of this hearing, Plaintiff was fifty-three years old and had a ninth grade education. (Tr. 531, 542).

On February 6, 2014, the Administrative Law Judge ("ALJ") entered an unfavorable decision. (Tr. 521-532). In this decision, the ALJ determined the Plaintiff met the insured status of the Act through December 31, 2014. (Tr. 523, Finding 1). The ALJ also determined Plaintiff had not engaged in substantial gainful activity ("SGA") since November 30, 2008. (Tr. 532, Finding 2).

The ALJ found Plaintiff had the following severe impairments: "musculoskeletal disorder (other and unspecified arthropathies, degenerative joint disease); musculoskeletal disorder (fracture of upper limb, residual effects of right arm fracture); and mental disorder (mood disorder, dysthymia, and substance abuse)." (Tr. 523-534, Finding 3). After reviewing all of the evidence presented, however, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment listing. (Tr. 524-526, Finding 4).

The ALJ next evaluated Plaintiff's subjective complaints and determined his residual functional capacity ("RFC"). (Tr. 526-530). The ALJ first evaluated Plaintiff's subjective complaints and found he was not entirely credible. (Tr. 529-540  The ALJ then found Plaintiff retained the RFC to perform sedentary work except:

> the claimant is able to frequently lift and/or carry less than ten pounds and occasionally ten pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for at least two hours in an eight hour workday. The claimant can occasionally climb ramps or

      stairs, balance, crawl, kneel, stoop, and crouch.  The claimant can occasionally perform overhead work.  He can perform simple, routine, and repetitive tasks where interpersonal contact is incidental to the work performed and the supervision required is simple, direct, and concrete.

(T. 526, Finding 5).

With the help of the VE, the ALJ determined Plaintiff could not perform his past relevant work ("PRW") as carpenter.  (Tr. 530, Finding 6).  The ALJ, however, determined there was other work existing in significant numbers in the national economy Plaintiff could perform such as the representative occupations of addresser, inspector/checker, and assembly worker.  (Tr. 531-532, Finding 10).  The ALJ then concluded Plaintiff was not disabled.  (Tr. 532, Finding 11).

On June 4, 2014, Plaintiff filed the present appeal.  (ECF No. 1)[1].  Both Parties have filed appeal briefs, and the case is ready for decision.  (ECF Nos. 12, 13).

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough a reasonable mind would find it adequate to support the Commissioner's decision.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  The ALJ's decision must be affirmed if the record contains substantial evidence to support

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record to support a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

To determine whether a claimant suffers from a disability, the Commissioner uses a five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his PRW; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. 20 C.F.R. §§ 404.1520(a)-(f); *Cox*, 160 F.3d at 1206. The fact finder only considers Plaintiff's age, education, and work experience in light of his RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion**:

Plaintiff argues: (1) the ALJ erred by not including the additional impairment of a biceps tendon tear at step two; (2) improperly weighted the medical evidence at step four; and (3) erred at step five. (ECF No. 12 at 10-18). The undersigned finds the ALJ erred at step five by not properly

considering the medical-vocational guidelines ("Grids").

The Grids "are a set of charts listing certain vocational profiles that warrant a finding of disability or non-disability." *McCoy v. Astrue*, 648 F.3d 605, 613 (8th Cir. 2011) (citing 20 C.F.R. Part 404, Subpt. P, App. 2). The grids are relevant at step five, where "the burden shifts to the Commissioner to show that the claimant has the physical residual capacity to perform a significant number of other jobs in the national economy that are consistent with [the claimant's] impairments and vocational factors such as age, education, and work experience." *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012)(quoting *Holley v. Massanari*, 253 F.3d 1088, 1093 (8th Cir. 2001)). If the ALJ's findings as to RFC, age, education, and work experience fit any of the combinations of those criteria contained in the Grids, the ALJ must reach the conclusion directed by the rule. *See Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993).

According to Grids Rule 201.10, a claimant is disabled if he: (1) is age 50-54, (2) has a limited education, and (3) is skilled or semiskilled and the claimant's skills are not transferable. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2 § 201.10.

As the ALJ noted during the administrative hearing, Plaintiff turned fifty on March 29, 2010. (Tr. 565). Plaintiff consequently became a person who was "closely approaching advanced age" for purposes of the Grids. 20 C.F.R. § 404.1563(d). The ALJ, however, simply concluded in the written decision Plaintiff was a younger individual at the time of his alleged onset date. (Tr. 531). The ALJ neither addressed Plaintiff's shift to the "closely approaching advanced age" category nor determined if Plaintiff had transferable job skills. Since Plaintiff was restricted to sedentary work and had a limited education, the ALJ should have considered whether Plaintiff's skills were transferable and consulted Grids Rule 201.10.

Based on Plaintiff's sedentary RFC, limited education, and work experience as a self-employed carpenter, his shift to the "closely approaching advanced age" category on March 29, 2010 may have mandated a finding of disability under the Grids. *Id.* The ALJ erred by not consider these characteristics and ignoring Grids Rule 210.10 in his written decision.

On remand, the ALJ should make a finding on whether Plaintiff's job skills are transferable, and consult Grids Rule 210.10.

**IV.   Conclusion:**

For the above reasons, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence, and recommends reversing and remanding the ALJ's decision. **The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Dated** this **22nd day of May, 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE